IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHELLE BARNES, *et al.*,                          *

     Plaintiffs,                                  *

     v.                                           *          Civil Action No. 8:20-cv-03205-PX

MARRIOTT INTERNATIONAL, INC.,
                                    *

     Defendant.

                                    ***

## MEMORANDUM OPINION

Pending before the Court is the motion for settlement approval jointly filed by Plaintiffs Michelle Barnes and Paige Stroman, along with fellow opt-in Plaintiffs Cynthia Arrington and Michelle Freeman-Kenton, and Defendant Marriott International, LLC ("Marriott"). ECF No. 14. Plaintiffs brought this action on November 4, 2020, asserting violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, breach of contract, and unjust enrichment. ECF No. 1. For the reasons that follow, the Court GRANTS IN PART and DENIES IN PART the motion. ECF No. 14.

## I.      BACKGROUND

Plaintiffs worked as customer service representatives at Marriott call centers across the country. ECF No. 1 ¶¶ 2, 19–20. They aver Marriott failed to pay them for necessary pre-, mid-, and post-shift activities, such as logging onto their work systems and checking work-related emails, in breach of their employment agreements. *Id.* ¶¶ 5–8, 118. Plaintiffs also allege Marriott paid them insufficient overtime wages. *Id.* ¶¶ 10, 113.

On November 9, 2020, Plaintiffs moved for conditional class certification pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). ECF No. 6. After several weeks of settlement negotiations, the parties now seek this Court's approval of their proposed settlement agreement.

ECF No. 14.

The parties propose a settlement amount of $32,000, to be distributed as follows: $1,500 to Plaintiff Barnes, $1,600 to Plaintiff Stroman, $1,500 to opt-in Plaintiff Arrington, $100 to opt-in Plaintiff Kenton, and $27,300 in attorney's fees to counsel for Plaintiffs.  *Id.* at 3.  Although Plaintiffs initially brought this case as a collective action, they "no longer seek to certify said class or collective."  *Id.* at 2.  As discussed below, the settlement will be approved in part.

## II.    STANDARD OF REVIEW

Congress enacted the FLSA to shield workers from substandard wages and working conditions arising from the unequal bargaining power between workers and employers.  *See Brooklyn Saw Bank v. O'Neil*, 324 U.S. 697, 706 (1945).  For this reason, the FLSA's requirements generally cannot be modified, waived, or bargained away by contract or settlement.  *See id.*  Court-approved settlements, however, remain the exception to this rule, "provided that the settlement reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'"  *Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Acevedo v. Phoenix Pres. Grp., Inc.*, No. PJM-13-3726, 2015 WL 6004150, at *4 (D. Md. Oct. 8, 2015).

"In reviewing FLSA settlements for approval, 'district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*.'"  *Hackett v. ADF Rest. Invs.*, 259 F. Supp. 3d 360, 365 (D. Md. 2016) (quoting *Beam v. Dillon's Bus Serv., Inc.*, No. DKC-14-3838, 2015 WL 4065036, at *3 (D. Md. July 1, 2015)).  More particularly, "[t]he settlement must reflect a 'fair and reasonable resolution of a *bona fide* dispute over FLSA provisions."  *Id.* (quoting *Beam*, 2015 WL 4065036, at *3).  The court considers (1) whether

FLSA issues are actually in dispute; (2) the fairness and reasonableness of the settlement; and (3)

the reasonableness of the attorneys' fees, if included in the agreement.  *Id.*  These factors are

most likely satisfied where there is an "assurance of an adversarial context," and the employee is

"represented by an attorney who can protect [his] rights under the statute."  *Lynn's Food Stores*,

679 F.2d at 1354.  Ultimately, it is incumbent upon the parties "requesting approval of a

proposed settlement … [to] provide enough information for the court to examine the bona fides

of the dispute."  *Leigh v. Bottling Group, LLC*, No. DKC-10-0218, 2012 WL 460468, at *5 (D.

Md. Feb. 10, 2012) (quotation marks omitted).  The Court addresses each factor in turn.

### III.    ANALYSIS

#### A.    *Bona Fide* Dispute

To determine whether a *bona fide* dispute over FLSA liability exists, the Court reviews

the pleadings, any subsequent court filings, and the proposed settlement agreement.  *See*

*Lomascolo v. Parsons Brinckerhoff, Inc.*, No. AJT-JFA-08-1310, 2009 WL 3094955, at *10

(E.D. Va. Sept. 28, 2009).  Here, Defendant Marriott denies and disclaims any wrongdoing or

liability whatsoever regarding Plaintiff's claims that they worked off-the-clock.  *See* ECF No. 14

at 3.  The parties dispute whether the individual Plaintiffs worked off-the-clock at all, whether

the amount of unpaid time alleged is inflated, and whether any unpaid time is *de minimis* and

non-compensable.  *Id.*  Defendant also disputes whether Plaintiffs can maintain class certification

through trial.  *Id.*  On these facts, the Court finds a *bona fide* dispute exists.

#### B.    Fairness and Reasonableness of the Settlement

To evaluate the fairness and reasonableness of the settlement, this Court may consider the

following: (1) the extent of discovery undertaken; (2) the stage of the proceedings, including the

complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion in

the settlement; (4) the experience of plaintiffs' counsel; (5) the opinions of counsel; and (6) the probability of plaintiffs' success on the merits, and the amount of settlement contrasted with the potential recovery. *Hackett*, 259 F. Supp. 3d at 365 (quotation omitted).

The Court believes the proposed settlement as to the Plaintiffs' recovery is fair and reasonable. As to the first two factors, although no formal discovery has taken place, the parties engaged in settlement negotiations lasting several weeks. ECF No. 14 at 2. During this time, Defendant produced each of the Plaintiffs' pay statements, which, along with the Complaint and sworn declarations, would have formed the basis of the Plaintiffs' wage demands. *Id.*; *see Hackett*, 259 F. Supp. 3d at 366 (finding the "informal exchange of information between parties has allowed them to appropriately ascertain facts and evaluate the strength of their respective positions without incurring the expense that would be created by protracted litigation"); *see also Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 409 (D. Md. 2014) ("By avoiding formal discovery, resources that otherwise would have been consumed by the litigation were made available for settlement, and the risk and uncertainties for both parties were reduced.").

As for the next three factors, Plaintiffs' counsel are certainly experienced in litigating FLSA collective actions (ECF No. 16-1 at 3, 7; ECF No. 16-2 at 3, 7), and no evidence suggests that the settlement agreement is the product of fraud or collusion. *See Lomascolo*, 2009 WL 3094955, at *12. Further, the proposed settlement is only between the individual Plaintiffs and Defendant, and so the rights of potential class members are not affected or prejudiced by this settlement. *See* ECF No. 14 at 2–3; *see also Duprey*, 30 F. Supp. 3d at 409.

The sixth factor also supports granting the proposed settlement. After reviewing the pay records for each individual Plaintiff, counsel has determined that the agreed upon settlement "represent[s] a strong outcome" for the Plaintiffs, "each of whom stands to recover a substantial

4

percentage of their alleged damages." ECF No. 14 at 4. Further, according to counsel, this amount fairly "takes into account Plaintiffs' calculated potential damages and the risk, expenses, and uncertainty of litigation," including the "risk to Plaintiffs of not recovering anything at all." *Id.* "In light of the risks and costs associated with proceeding further and Defendant['s] potentially viable defenses, this amount appears to reflect a reasonable compromise over issues actually in dispute." *Saman*, 2013 WL 2949047, at *5 (citation, quotation marks, and brackets omitted). Thus, the amount awarded to the Plaintiffs appears fair and reasonable.

###C.   Reasonableness of Attorney's Fees

Section 216(b) of the FLSA expressly provides that "in addition to any judgment awarded to the plaintiff or plaintiffs," the court must "allow a reasonable attorney's fee to be paid." 29 U.S.C. § 216(b). Courts must also ensure that any attorney's fees in a settlement agreement are reasonable. *See Leigh*, 2012 WL 460468, at *5. "[T]he reasonableness of [such] fee[s] … must be independently assessed, regardless of whether there is any suggestion that a conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Id.* (quotation omitted).

Courts traditionally evaluate the reasonableness of proposed fees using the lodestar method, defined as a "reasonable hourly rate multiplied by hours reasonably expended." *Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012) (quotations omitted); *see also Jackson v. Estelle's Place, LLC*, 391 Fed. Appx. 239, 241 (4th Cir. 2010); *Leigh*, 2012 WL 460468, at *9. An hourly rate is reasonable if it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). This Court has established rates that are presumptively reasonable for lodestar calculations. *See* Loc. R. App. B.

Because the lodestar method "yields a fee that is presumptively sufficient to achieve this objective," enhancement to the lodestar amount may be awarded only in "rare and exceptional circumstances." *Leigh*, 2012 WL 460468, at \*9 (quoting *Perdue v. Kenny A.*, 549 U.S. 542, 552 (2010)).  "A fee applicant bears the burden of proving the enhancement is necessary and must do so with reference to 'specific evidence that the lodestar fee would not have been adequate to attract competent counsel.'"  *Spencer v. Central Servs., LLC*, No. CCB–10–03469, 2012 WL 142978, at \*1 (D. Md. Jan. 13, 2012) (quoting *Kenny A.*, 549 U.S. at 554).

Here, Plaintiffs are represented by Jason Thompson ("Thompson") and Charles R. Ash, IV ("Ash") with the law firm Sommers, Schwartz, P.C.  ECF Nos. 16-1 & 16-2.  Two paralegals at the firm, Debbie Nichols and Wendy Vaughn, also assisted in this matter.  ECF No. 16-3 at 6. After reviewing the time records for these four individuals, the Court is satisfied counsel reasonably expended 66 hours on this case.  ECF No. 16-3.  However, they have proposed hourly rates that substantially exceed local guidelines, and without adequate justification.  The Court must therefore adjust these rates accordingly.

Thompson has been admitted to the bar for nearly thirty years.  ECF No. 16-1 at 3. Thompson worked 8.4 hours on this case, at a rate of \$725 per hour, for a total of \$6,090.  ECF No. 16-3 at 6.  Thompson's hourly rate dwarfs the maximum hourly rate of \$475 in the Appendix B guidelines for an attorney with twenty years of experience or more.  *See* Loc. R. App. B.  Thompson responds that this rate is what he "typically charge[s]" and that it is consistent "with rates customarily charged in Detroit, Michigan and the national legal market for class action FLSA litigation."  ECF No. 16-1 at 4.  But the hourly rate Thompson may be able to charge in other jurisdictions does not support this Court's adjustment of the presumptively reasonable rate for this District.  Thompson offers no other grounds to justify a 53% increase in

this Court's presumptively reasonable hourly rate.  Accordingly, the Court adjusts Thompson's

hourly rate to $475 per hour, the high end of the presumptively reasonably range in this district.

Attorney Ash has practiced law since 2010.  ECF No. 16-2 at 3.  His practice is almost

exclusively class and collective action wage and hour cases.  *Id.*  For attorneys with nine to

fourteen years of experience, the local guidelines recommend an hourly rate of $225 to $350.

*See* Loc. R. App. B.  Ash has charged an hourly rate of $450.51 for a total of 52.1 hours of work.

ECF No. 16-3 at 6.  Similar to Thompson, Ash provides no support for the Court to adopt an

hourly rate substantially higher than the presumptively reasonable range in this district.  *See* ECF

No. 16-2 at 4.  The Court will therefore adjust Ash's hourly rate to $350, also the high end of the

guidelines range for someone with his experience.

The Court approves counsel's proposed hourly rate of $150 for the 5.7 hours of work

performed by their paralegals, as it is presumptively reasonable.

Thus, the lodestar amount must be adjusted accordingly to reflect the lower hourly rates

for Thompson and Ash.  The Court calculates the new lodestar amount as follows:

| Timekeeper | Hours Worked | Hourly Rate | Total |
|---|---|---|---|
| Jason Thompson | 8.4 | $475.00 | $3,990 |
| Rob Ash | 52.1 | $350.00 | $18,235 |
| Debbie Nichols | 4.5 | $150.00 | $450 |
| Wendy Vaughn | 1.2 | $150.00 | $180 |
| | | **Total =** | **$22,855** |

This Court believes the adjusted attorney's fees are fair and reasonable.  In addition to the

lodestar amount, the Court also approves an award of $440.89 for related costs and expenses, for

a total of $23,295.89.  *See* ECF No. 16-1 at 4.

**IV.    CONCLUSION**

For the foregoing reasons, the Court approves the proposed settlement amount for each individual plaintiff.  The Court will also approve an award of attorney's fees and costs in the amount of $23,295.89.

Because this Court has only approved the settlement agreement in part, the parties must inform the Court how they wish to proceed.  The parties are free to revise the settlement terms according to the amounts as approved in this decision and submit a revised agreement to the Court in a renewed motion for approval.  Alternatively, the parties may renegotiate the terms of the entire settlement and submit a revised proposed agreement that reallocates the settlement amounts and attorneys' fees differently.  Lastly, either party is free to declare the proposed settlement null and void and elect to resume litigation.  *See Leigh*, 2012 WL 460468, at *11.  The parties are to submit a joint status report within fourteen days informing the Court how they wish to proceed.

Finally, Plaintiffs have represented they no longer seek class certification in this action.  ECF No. 14 at 2.  The Court will therefore deny without prejudice Plaintiffs' motion for conditional certification, with leave to refile in the event the case does not settle.  ECF No. 6.  If the case proceeds to litigation, the Court will schedule a status conference to discuss an appropriate schedule going forward.

A separate order will follow.

July 22, 2021                                                    ___/S/_____
Date                                                               Paula Xinis
                                                                    United States District Judge

8